Bohara v. Garland
BIA
Poczter, IJ
A209 383 931

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty-two.

PRESENT:
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

PREM PRAKESH BOHARA,
> *Petitioner,*

v.                                                    20-3152
                                                      NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, Chhetry & Associates, P.C., New York, NY.

FOR RESPONDENT:          Brian Boynton, Acting Assistant Attorney General; Jessica A.

Dawgert, Senior Litigation Counsel; Jeffrey M. Hartman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Prem Prakesh Bohara, a native and citizen of Nepal, seeks review of an August 25, 2020 decision of the BIA affirming a July 25, 2018 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Prem Prakesh Bohara*, No. A 209 383 931 (B.I.A. Aug. 25, 2020), *aff'g* No. A 209 383 931 (Immig. Ct. N.Y.C. July 25, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's factual findings for substantial evidence and questions of law and application of law to fact de novo. *See*

2

*Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). The agency's findings of fact are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We find no error in the agency's determinations that Bohara filed a frivolous asylum application and that he was not credible.

I.  Frivolous Asylum Application

"If the Attorney General determines that an alien has knowingly made a frivolous application for asylum . . . , the alien shall be permanently ineligible for any benefits under this chapter, effective as of the date of a final determination on such application." 8 U.S.C. § 1158(d)(6). An asylum application is "frivolous if any of its material elements is deliberately fabricated. Such finding shall only be made if the [IJ or BIA] is satisfied that the applicant, during the course of the proceedings, has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim." 8 C.F.R. § 1208.20.[1] Before making such a finding an IJ must satisfy the following requirements:

> (1) notice to the alien of the consequences of filing a frivolous application; (2) a specific

---

[1] Citations are to the version of the regulations in effect at the time of the agency's decisions.

3

finding by the Immigration Judge or the Board that the alien knowingly filed a frivolous application; (3) sufficient evidence in the record to support the finding that a material element of the asylum application was deliberately fabricated; and (4) an indication that the alien has been afforded sufficient opportunity to account for any discrepancies or implausible aspects of the claim.

*Biao Yang v. Gonzales*, 496 F.3d 268, 275 (2d Cir. 2007) (quoting *In re Y-L-*, 24 I. & N. Dec. 151, 155 (B.I.A. 2007)); *see also* 8 U.S.C. § 1158(d)(4)(A) (requiring notice of consequences of filing frivolous application). The record does not support Bohara's argument that the agency failed to satisfy the second and third requirements.

As to these requirements, the IJ found that Bohara's asylum application contained a story that was fabricated and contained material misrepresentations designed to elicit a favorable outcome. Bohara argues that the IJ was not allowed to consider statements in his credible fear interviews because the records of those interviews were not reliable. To the contrary, the records contain sufficient indicia of reliability because they listed the questions asked and Bohara's responses, the interviewers asked questions designed to elicit an asylum claim, the interviews were conducted with an interpreter in Bohara's native language, and Bohara was

4

responsive to questioning and confirmed that he understood the interpreter. *See Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179-80 (2d Cir. 2004).

Contrary to Bohara's position, the IJ found that Bohara knowingly filed a frivolous asylum application. As the IJ determined, Bohara changed the story from his credible fear interviews, at which he stated that he was not a member of a political party and that he had not suffered any physical harm on account of political activities, by testifying that he was a member of the Nepali Congress Party and that he suffered severe physical abuse by Maoists because of his political opinion. While, as Bohara contends, the IJ did not use the word "deliberate" when making her finding of frivolousness, she correctly stated the applicable legal standards, made separate, specific factual findings pertaining to frivolousness sufficient to support that determination, and held that Bohara's asylum application had been "fabricated in that it contains material misrepresentation *designed* to elicit a favorable finding on the asylum application by this court." CAR 56 (emphasis

5

added).  On this record, there is no doubt that the IJ "separately address[ed] and include[d] specific findings that [Bohara] deliberately fabricated material elements of his asylum claim."  *Biao Yang*, 496 F.3d at 276 (quotation marks omitted).  Moreover, these misrepresentations are material because they go to the severity of the harm Bohara experienced and whether that harm was inflicted on the basis of a protected ground, which are key to a determination of past persecution.  *See Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006).

II. Adverse Credibility Determination

The agency's frivolousness finding does not render Bohara ineligible for withholding of removal and CAT protection. *See* 8 C.F.R. § 1208.20.  However, these forms of relief fail on credibility grounds.  We review an adverse credibility determination for substantial evidence.  *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).  As noted above, the record reflects inconsistencies in Bohara's statements about his membership in a political party and the severity of the abuse he suffered.  These inconsistencies constitute substantial evidence for the agency's adverse credibility

6

determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible.  Multiple inconsistencies would so preclude even more forcefully."); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) ("We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court